UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------
                                      )
                                      )
UNITED STATES OF AMERICA,             )
                                      )
            Plaintiff,                )        Criminal Case No. 11-CR-352-03-BAH
                                      )
      v.                              )        DEFENDANT JAMES POGUE'S
                                      )        SUPPLEMENTAL SENTENCING
JAMES POGUE,                          )        MEMORANDUM
                                      )
            Defendant.                )
                                      )
-------------------------------------------------

Defendant James Pogue respectfully submits this memorandum to (a) submit additional supporting information, which arrived after our sentencing memorandum was filed, and (b) to respond to the government's sentencing memorandum.

## I.   SUPPLEMENTAL INFORMATION

In our sentencing memorandum, ECF No. 226, at 24, we observed that Mr. Pogue's sister and brother are unable to provide the care which their mother requires.  Attached, as Exhibits 23 and 24 are email messages  from Mr. Pogue's brother and sister.  In Exhibit 23, his brother describes his living and employment arrangements, which explain why he cannot be a substitute caregiver:

> I work full time with 25 years at my current company . I currently live in Long Beach. I live in a workshop without heat, I have a shower and bath facilities. I sleep on a couch in a sleeping bag. . . . I cannot provide the care she needs and deserves.

In Exhibit 24, his sister relates her medical problems, which prevent her from being her

mother's caregiver:

> I am unable to care for Mom due to health issues. I have rheumatoid arthritis, diabetes, high blood pressure and am unable to climb stairs. I no longer have a driver's license due to a stroke 5 months ago and I wouldn't be able to properly care for her.

## II.     THE FACT THAT MR. POGUE WAS CHARGED AND CONVICTED UNDER  § 1519 IS NOT A FACTOR WHICH WARRANTS THE SENTENCE RECOMMENDED BY THE GOVERNMENT.

In its sentencing memorandum, ECF No. 225, at 16, the government argued:

> There have been numerous cases in which Chief Engineer's have pled pre-indictment to an APPS count and received sentences ranging from probation to 12 months and a day of incarceration. However, in this case Defendant Pogue was convicted of falsification of records in anticipation of an agency proceeding, 18 U.S.C. § 1519, which the Guidelines treat as obstruction of justice. The most recent analogous case in this regard is *United States v. Alejandro Gonzalez*, No. 1:11-CR-20868 (S.D. Fla.). In Gonzalez, the defendant was charged with and convicted by a jury of obstruction of justice, 18 U.S.C. § 1505, for falsely certifying to the Coast Guard that certain complete inspections and surveys of a vessel were carried out when in fact they were not.

A.     In Nine of the Thirty-Three Other Cases Discussed in Defendant Pogue's Sentencing Memorandum, the Defendant was Convicted of a USSG § 2J1.2 Offense.

The government made no mention of the cases in which chief engineers were

convicted of and sentenced for an obstruction offense which fell within USSG § 2J1.2.  In

nine of the thirty-three other cases in the last five years, the defendant was convicted for

such offenses, as follows.  (Numeric references which follow are to the line numbers in

Exhibit 14, ECF No. 226-3.)   Six month sentences were imposed in two cases, both of

which involved obstruction during a Coast Guard investigation.   Three month sentences

were imposed in two other cases.   None of the nine defendants received a sentence within

the guidelines range for a §2J1.2 offense.

#8 – United States v. Romulo Esperas, CR11-263, ED La.

Romulo Esperas was charged with conspiring to:

> . . . knowingly conceal, cover up, and falsify, and make a false entry in a
> record and document, that is, a false, fictitious and misleading Oil Record
> Book for the *M/V Agios Emilianos* that concealed the overboard discharge of
> oil contaminated waste and contained false entries, in violation of Title 18,
> United States Code, Section 1519 . . .  ECF No. 1, at 4.

According to the judgment, ECF No. 29, he pled guilty to that charge and was sentenced

to three years of probation.   No fine was imposed.   In contrast to Mr. Pogue, Esperas also

made false statements to the Coast Guard during its investigation, and burned an

incriminating  document.   ECF No. 14, at 5.

#9  – United States v. Dimetrios Grifakis, CR 11-11, D. Maryland

The judgment entered against Dimetrios Grifakis, ECF No. 70, shows that he pled

guilty to count one of the indictment, ECF No. 1, which alleged that he obstructed justice,

in violation of 18 U.S.C. §§ 1505 and 1515(b), in that he:

> did corruptly influence, obstruct and impede, and endeavor to influence,
> obstruct, and impede the due and proper administration of the law under a
> pending proceeding by the U.S. Coast Guard in the following ways:
>
> a. Defendant GRIF AKIS presented and caused the presentation of a false,
> fictitious, and fraudulent Oil Record Book to members of the U.S. Coast
> Guard.
>
> b. Defendant GRIFAKIS falsely told a U.S. Coast Guard inspector that he
> had not ordered anyone to pump oily waste overboard, that he knew nothing
> about overboard discharges, and that the only way waste was disposed of

from the *Capitola* was to a barge, to a shore facility, or to the ship's incinerator, when he then well knew that he had regularly ordered the use of a bypass hose and other means to discharge oily waste and oily bilge water overboard;

c. Defendant GRIFAKIS caused the *Capitola's* Daily Sounding Record to be concealed and destroyed in order to prevent it trom being reviewed by the U.S. Coast Guard;

d. Defendant GRIFAKIS falsely told members of the U.S. Coast Guard that he did not use a daily record of soundings of the Capitola's waste tanks, when he then well knew that he kept and used a Daily Sounding Record of those tanks on a daily basis when the vessel was at sea;

e. Defendant GRIFAKIS gave the U.S. Coast Guard a signed statement, handwritten in Greek, that when translated stated, "I do not keep a daily book of measurements for the tanks of F.O. Sludge, L.O. Sludge, Sep Oil Tc, Incin Waste Oil Tc, F.O. Drain Tc, L.O. Drain Tc, etc., but daily the 08:00-12:00 shift gives me a note about the above tanks, and if a transfer is needed, it is recorded in the ~~Oil Record Book~~ oil Book," when he then well knew that he kept and used a Daily Sounding Record on a daily basis when the Capitola was at sea, and that the Daily Sounding Record included soundings for the tanks described in his statement;

f. Defendant GRIFAKIS directed members of the crew of the *Capitola* to falsely tell the U.S. Coast Guard that the vessel had no Daily Sounding Record, when in truth and in fact the Capitola's engine room crew maintained such a record and delivered it to GRIFAKIS on a daily basis while the vessel was at sea;

g. Defendant GRIFAKIS endeavored to cause a valve to be repaired. That valve had been previously altered to allow the *Capitola's* general service pump to take suction from the ship's separated oil tank so that the contents of that tank could be discharged into the ocean through the ship's seawater service piping;

h. Defendant GRIFAKIS moved a trick sounding tube that had been stored in the ship's lower stool and had been used to deceive and attempt to deceive fuel surveyors regarding the amount of fuel in the *Capitola's* No. I Fuel Tank.

Grifakis' adjusted offense level was 14, with a range of 15-21 months.  ECF No. 72, at 4.

Yet the court sentenced Grifakis to six months, with a recommendation for "some kind of

alternative arrangement, such as a halfway house, for service of this term of imprisonment."

It also imposed a two-year term of supervised release.  No fine was imposed.  ECF No. 70.

#11 – <u>United States v. Mark Humphries</u>, CR 06-299, D. Maryland

Mark Humphries was found guilty at trial of counts one, twelve and thirteen of the

indictment.  ECF No. 121.  As the indictment is not PACER-accessible, we have attached

a copy as Exhibit 25.  Count one charged him with conspiring to violate three statutes, of

which one was obstruction under 18 U.S.C. § 1505.  The obstruction allegation read:

> To corruptly endeavor to influence, obstruct and impede the due and proper administration of the law under a pending proceeding by the U.S. Coast Guard, by planning to present and presenting to the U.S. Coast Guard false and misleading documents and statements during U.S. Coast Guard inspections of the *M/V Tanabata*, knowing that the documents and statements were false and misleading and that the U.S. Coast Guard was conducting and would conduct proceedings to determine whether the vessels were operating in compliance with United States law, in violation of Title 18, United States Code, Section 1505.

The indictment also alleged, at 16, that Humphries destroyed physical evidence.  Hum-

phries was sentenced to six months imprisonment, two years of supervised release

and a $1,000 fine.  ECF No. 121.

# 14 – <u>United States v. Stephen Karas</u>, CR06-299, D. Maryland

Stephen Karas was charged in the same indictment as Mark Humphries.  He pled

guilty to counts one and ten of the indictment, Exhibit 24.  He was placed on probation for

two years, with a requirement of sixty hours of community service and he was fined $500.

Karas may have received the benefit of a USSG § 5K1.1 motion, but if that motion was

filed, it is not reflected on the docket sheet.

#15 – <u>United States v. Andreas Konstantinidis,</u> CR 11-651, D. Maryland

Andreas Konstantinidis pled guilty to violating 18 U.S.C. § 1519.  ECF No. 15.  The

charge was that he:

> knowingly altered, concealed, covered up, falsified and made false entries in
> the Oil Record Book for the *M/V Aquarosa* with the intent to impede, obstruct
> and influence the investigation and proper administration of a matter within
> the jurisdiction of the United States Coast Guard and the Department of
> Homeland Security.  Specifically, during a vessel inspection of the *M/V
> Aquarosa* to determine the vessel's compliance with United States law the
> defendant made and used a false and fictitious Oil Record Book for the ship
> that contained false entries claiming the proper use of required pollution
> prevention equipment including the Oily Water Separator and Oil Content
> Monitor and the Incinerator, and concealing by omission internal transfers
> knowing then and there that the his entries in the Oil Record Book were not
> true and correct.

He was sentenced to imprisonment for three months with a recommendation for a

"minimum security work camp," to be followed by one year of supervised release.  No fine

was imposed. ECF No. 15.

#17 – <u>United States v. Triantafyllos Marmaras</u>, CR10-248, D Maryland

Triantafyllos Marmaras pled guilty to three counts, alleging violations of 18 U.S.C.

§§ 1505, 1519 and 1001.  ECF No. 14.  The § 1505 count alleged that he:

> did corruptly influence, obstruct and impede, and endeavor to influence,
> obstruct, and impede the due and proper administration of the law under a
> pending proceeding by the United States Coast Guard and the Department
> of Homeland Security, to wit, during a vessel inspection of the *M/V Iorana* to
> determine the vessel's compliance with MARPOL and United States law, the
> defendant:
>
> A. Made material false statements and caused the making of material false
> statements to U.S. Coast Guard personnel;
>
> B. Submitted a false and fictitious written statement to U.S. Coast Guard
> personnel;
>
> C. Directed the Second Engineer, Third Engineer and a Wiper not to reveal

improper discharges overboard and to falsely tell the U.S. Coast Guard that a bypass system that had been used to make overboard discharges of oil contaminated waste had been left on board at the shipyard.

D. Presented a false, forged and fictitious Oil Record Book to U.S. Coast Guard inspectors.

The § 1519 count contained an additional allegation, that he directed subordinate crew members to paint pipes and flanges to conceal the use of a bypass system used on the ship . . ."  ECF No. 1.  He was sentenced to five years of probation and a $5,000 fine.

#23 – United States v. Vassili Samoilenko, CR11-786, ND California

Vassili Samoilenko pled guilty to two violations of 18 U.S.C. § 1519, which alleged that he :

did knowingly alter, destroy, mutilate, conceal, cover up, falsify, and make a false entry in a record, document, or tangible object, namely the *M/V Kostas N* Oil Record Book, which was then presented to the USCG. . . , in the Northern District of California, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department or agency of the United States, and in relation to and in contemplation of any such matter, namely the USCG's investigation as to whether the *M/V Kostas N* was in compliance with the MARPOL Protocol, APPS, regulations promulgated under APPS, and applicable federal environmental laws . . .

ECF No. 1.

Samoilenko was sentenced to three years' probation, on condition that he serve three months in home confinement, with credit for all of it.  No fine was imposed.  The record shows that his guideline score was calculated under §2J1.2. ECF No. 8, at 2.  There were two mitigating factors in his case: cooperation and the fact that the defendant tried to commit suicide twice.  ECF No. 8, at 2 - 3.

#29 – <u>United States v. Pantelis Thomas</u>, CR08-448, ND California

Pantelis Thomas pled guilty to counts one and four of an indictment, which alleged conspiracy and APPS violations, respectively.  The conspiracy was alleged to have six objects, two of which were violations of 18 U.S.C. § 1519 – one for a falsified oil record book and one for a falsified garbage log.  ECF No. 13, at 8-9.  He was sentenced to three years' probation and a $5,000 fine.

#33 – <u>United States v. John Zacharias</u>, CR10-39, SD Texas

John Zacharias pled guilty to an APPS violation and a § 1519 violation.  ECF No. 29. He was sentenced to five years' probation and a $300 fine.  *Id.*  His plea agreement left open a possibility of a § 5K1.1 motion, but the docket sheet does not disclose whether a motion was made.


B.     <u>The Gonzalez Case is Inapposite – All it Has in Common with Mr. Pogue's</u>
       <u>Case is the Statutory Citation to § 1519</u>

According to the indictment, ECF No. 1, at 1-2, Alejando Gonzalez:

> was a naval engineer and classification surveyor. GONZALEZ was the
> president of a company engaged in the business of surveying and certifying
> merchant ships. The governments of Panama and Bolivia authorized him to
> perform on their behalf classification surveys of and issue certifications to
> ships as the ships' nominated classification surveyor. GONZALEZ held
> himself out to the public as an expert in the field of marine engineering and
> classification surveying and has testified as an expert witness in those fields.

He was charged with conspiracy, and with violation of 18 U.S.C. § 1519, but the offenses had nothing to do with MARPOL, or an oil record book, or shipboard wastes.  Rather, the gravamen of the violations was that Gonzalez "certified that the [vessel] . . had an

inspection of the outside of the ship's bottom during a drydock in 2006 . . ." when there was none.

C.   <u>The Proper Comparison, We Submit, is to Cases in which the Defendant Engaged in False Record Keeping but Did Not Engage in Additional Obstruction After a Coast Guard Inspection/Investigation Began.</u>

The thirty-three cases we identified fall into two groups: those in which there was MARPOL-related record-keeping activity, and those in which there was obstruction during a Coast Guard inspection or investigation.  The latter cases involved witness tampering, evidence destruction, and lying to the Coast Guard.  The two cases in which six-month sentences were imposed (Grifakis and Humphries) fall into the second group.   The government offers no reason why in this case, in the absence of such aggravating factors, a sentence of more than three times that imposed in Grifakis and Humphries is "necessary but not greater than" necessary under § 3553(a).

## III.   SUPPLEMENTAL CITATIONS REGARDING ROLE ENHANCEMENT

With regard to the role enhancement proposed by the Probation Office, we invite the Court's attention to   *United States v. McCoy*, 242 F.3d 399, 410-411 (D.C. Cir. 2001), construing USSG §3B1.1.

> The guideline commentary requires supervision of one or more "participants," and a "participant" is defined as a person who, although not necessarily convicted, "is criminally responsible for the commission of the offense." U.S.S.G. § 3B1.1, comment., n.1. Because an individual cannot be criminally responsible for making a false statement unless she is witting, see 18 U.S.C. § 1014 (requiring that false statement be made "knowingly"), the fact that McCoy's employees were unwitting would appear to render this enhancement inapplicable. *See United States v. Bapack*, 129 F.3d 1320, 1325 (D.C.Cir.1997) (holding that a person is "criminally responsible" under § 3B1.1 only if "he commit[s] all of the elements of a statutory crime *with the*

9

*requisite mens rea*" (internal quotations omitted) (emphasis added)).

No other crew member participated in the making or keeping of the oil record book aboard the *San Nikunau*.  Therefore the role enhancement is inapplicable.

On January 3, 2013, the Court of Appeals for the Ninth Circuit issued an opinion in *United States v. Chao Fan xu,* No. 09-10201.  A copy of the slip opinion is attached as Exhibit 26.  In relevant part, at 47, the court held "that applying the relevant conduct analysis to Defendants' foreign conduct is not permissible."

## IV.    THE GOVERNMENT URGES ON THE COURT A CONSTRUCTION OF THE EVIDENCE WHICH IT UNSUCCESSFULLY PRESSED ON THE JURY.

The government argues, as it did at trial, that Mr. Pogue was responsible for "routinely" discharging "oily waste into the sea without using the Oil Water Separator over approximately 9 years."  ECF No. 225, at 14.  In our sentencing memorandum and in Section III, above, we have addressed the inapplicability of that claim under the sentencing guidelines.  It is also critical to note that the government failed in its attempt to persuade the jury of its view.  The jury found Mr. Pogue not guilty of the conspiracy count.  It also did not find the specification in Count Two, which alleged that Mr. Pogue "failed to disclose overboard discharges of oily bilge waste without the use of a properly functioning Oil Water Separator and oil monitoring equipment . . ."  ECF No. 207, at 6.  It found him guilty of the specification of "fail[ing] to account for internal transfers of oily bilge waste from machinery spaces to other areas of the ship."  *Id.*

**V.      CONCLUSION**

Consistent with the pattern in sentencings of chief engineers in the last five years, a sentence of probation is appropriate.  This case does not present the post-investigation aggravating conduct which was present in the cases in which custodial sentences were imposed.

Dated:  January 7, 2013

Respectfully submitted:

s/ Irwin H. Schwartz
_____
Irwin H. Schwartz
Attorney for James Pogue

s/ Carmen D. Hernandez
_____
Carmen D. Hernandez
Attorney for James Pogue

**Certificate of Service**

I certify that on this date, I electronically filed the foregoing document with the Clerk

of the District Court for the District of Columbia using the CM/ECF system, which will cause

it to be served on counsel of record:

> AUSA Frederick Walton Yette Kenneth E. Nelson
> U.S. Attorney's Office
> 555 Fourth Street,
> Washington, D.C. 20531-0001
> Frederick.Yette@usdoj.gov
> (202)252-7733
>
> Kenneth E. Nelson
> Environmental Crime Section, Department of Justice
> 601 D Street, NW, Suite 2814
> Washington, D.C. 20004
> Kenneth.Nelson3 @usdoj.gov
> (202)305-0435
>
> Gregory F. Linsin, Esq.
> Blank Rome LLP
> 600 New Hampshire Ave., N.W.
> Washington, D.C. 20037
> (202)772-5800
> Linsin@blankrome.com
>
> Michael G. Chalos
> Brian T. McCarthy
> Chalos, O'Connor LLP
> 366 Main Street
> Port Washington, NY 11050
> (516)767-3600
> mchalos@codus-law.com
> bmccarthy@codus-law.com

Dated:  January 7, 2013

                                        s/ Irwin H. Schwartz
                                        _____
                                        Irwin H. Schwartz