# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 11-cr-00352-1,-3(BAH)** |
| | : | |
| **SANFORD LTD., and** | : | |
| **JAMES POGUE,** | : | |
| **Defendants.** | : | |

## SUPPLEMENTAL SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the Assistant Attorney General for the Environment and Natural Resources Division, files this Supplemental Sentencing Memorandum and in support thereof avers the following:

### Recommended Sentence

On January 7, 2013, the Court provided notice to the parties, in regard to Defendant Pogue, pursuant to Federal Rule of Criminal Procedure 32(h), that it is contemplating a departure from the applicable advisory guideline at U.S. Sentencing Guidelines Manual (USSG) §2J1.2 due to a mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission.  The government agrees with the Probation Office's calculation of Defendant Pogue's overall advisory guideline level of 18, which advises a period of incarceration of 27-33 months.  In support of its position, the government would like to suggest analogous portions of the guidelines to consider that relate to the core conduct for which Defendant Pogue was convicted, each of which would result in an offense level in Zone D.

**Background**

The core of the counts of conviction of Defendant Pogue centered around his efforts to conceal activities on the *F/V San Nikunau* in the Oil Record Book regarding the management of oily bilge waste and the use of the Oil Water Separator.  Defendant Pogue did this to prevent the U.S. Coast Guard from learning what was actually happening with the bilge waste, to cover up that the Oil Water Separator was not being used, and that the Oil Water Separator was not functional.  The evidence at trial showed that Defendant Pogue taught his crew how to transfer and dump overboard oily bilge waste from various machinery space bilges on the vessel, and, that in fact the Oil Water Separator was never used.

This type of criminal conduct - altering documents to obstruct any government function - is the very type of conduct that 18 U.S.C. § 1519 is designed to prevent and punish, and why USSG §2J1.2 is the appropriate sentencing guideline.  Congress developed section 1519 as a part of the Sarbanes-Oxley Act to remedy the "loopholes" created by the "patchwork" of the other obstruction of justice statutes contained in Title 18 and stated that it is to be used broadly in application:

> "Section 1519 is meant to apply broadly to any acts to destroy or fabricate physical evidence so long as they are done with the intent to obstruct, impede or influence the investigation of proper administration of any matter, and such matter is within the jurisdiction of an agency of the United States, or such acts done either in relation to or in contemplation of such a matter or investigation. This statute is specifically meant not to include any technical requirement, which some courts have read into other obstruction of justice statutes, to tie the obstructive conduct to a pending or imminent proceeding or matter. It is also sufficient that the act is done 'in contemplation' of or in relation to a matter or regulation. It is also meant to do away with the distinctions, which some courts have read into obstruction statutes, between court proceedings, investigations, regulatory or administrative proceedings (whether formal or not), and less formal government

inquiries, regardless of their title. Destroying or falsifying documents to obstruct any of these types of matters or investigations, which in fact are proved to be within the jurisdiction of any federal agency are covered by this statute ... The intent of the provision is simple; people should not be destroying, altering, or falsifying documents to obstruct *any* government function."

S. REP. NO. 107-146, pp. 14-15 (2002)(emphasis added).

**Potential Sentence Referencing USSG §§ 2Q1.3 & 2B1.1**

The sentence the government is seeking in this case is very similar to potential sentences using guidelines that would apply if Defendant Pogue had been convicted of violating only APPS or the False Statement statute (18 U.S.C. § 1001). The following table sets forth the base offense level and potential enhancements that would also result in a Zone D offense level:

| | Obstruction §2J1.2 | APPS §2Q1.3 | False Statement §2B1.1 |
|---|---|---|---|
| Base Offense Level | 14 | 6 | 6 |
| Committed Outside US or Sophisticated Means §2B1.1(b)(10) | -- | -- | 2 (if less than 12 increase to 12) |
| Role §3B1.1 | 2 | 2 | 2 |
| Discharge §2Q1.3(b)(1) | -- | 6 or 4 | -- |
| Probative Document/Alteration of Substantial Number of Records/Extensive in Scope §2J1.2(b)(3) | 2 | -- | -- |
| Position of Trust/Special Skill §3B1.3 | 2 | 2 | 2 |
| Obstruction §3C1.1 | -- | 2 | 2 |
| Total | 20 | 16-18 | 18 |

**Sophisticated Means**

Pursuant to USSG § 2B1.1(b)(10)(B) and (C), "if a substantial part of a fraudulent scheme was committed from outside the United States or; (C) if the offense involved sophisticated means, the Guideline calls for an increase by 2 levels."  Defendant Pogue made false entries and omissions in the vessel's Oil Record Book for years while the vessel was sailing waters beyond the jurisdiction of the United States.  The conduct he engaged in was not simple and involved a calculated effort to prevent the U.S. Coast Guard from learning the truth about the activities on the vessel while it was far out to sea. During the many years he served on the vessel, he made hundreds of entries into the Oil Record Book in order to disguise the management of the bilge waste and the use of the Oil Water Separator.  The scheme he engaged in was sophisticated enough that the underlying conduct went undetected for years and he created the false impression that the vessel was being operated properly when it was not.  Therefore, the offense level would be increased to 12, pursuant to USSG §2B1.1(b)(10).  The Second Circuit has stated in a case with MARPOL violations and a falsified Oil Record Book that this type of conduct can be considered a sophisticated means.  *U.S. v. Kostakis*, 364 F.3d 45 (2nd Cir. 2004).  Defendant Pogue falsified entries in the Oil Record Book every week for nearly nine years while hundreds of thousands of gallons of untreated oily bilge waste was discharged.

**Discharge Enhancement**

Since the decision of *United States v. Abrogar*, 459 F.3d 430 (3d Cir. 2006), which applied to the 6 point enhancement under USSG §2Q1.3(b)(1)(A), numerous courts have applied the 4 point enhancement if the offense "otherwise involved a discharge, release, or emission of a pollutant" pursuant to USSG §2Q1.3(b)(1)(B).  In *United States v. Oria*, 08-CR-1027 (May 6, 2009), the court concluded that:

> "to talk about a reporting offense involving an actual discharge and, then, treating the actual discharge as if it were not involved is the equivalent of the old Zen Cohen(sic) of appreciating the sound of one hand clapping.  They are inextricably intertwined.  The discharge is directly involved.  There is no other way of looking at it, and, to the degree that an argument is made that this would be replicative because

4

> Section Five [2Q1.3(b)(5)] would lead to the same result, the
> concealment of a substantive environmental offense, I reject it."

*See* Exhibit A.  Courts are permitted to consider all relevant conduct, regardless whether it occurred in the

United States or not.  *See United States v. Wilkinson*, 169 F.3d 1236, 1238-1239 (10th Cir. 1999) (stating

"It would be absurd to suggest that there is a long-standing principle that judges cannot consider in

calculating a sentence relevant conduct committed outside of the United States.  In fact, 18 U.S.C. § 3661

clearly states otherwise, requiring that, "No limitation shall be placed on the information concerning the

background, character, and conduct of a person convicted of an offense which a court of the United States

may receive and consider for the purpose of imposing an appropriate sentence.")

### 18 U.S.C. § 1519 and Application of USSG §2J1.2

The government has prosecuted a wide range of conduct under 18 U.S.C. § 1519.  Prosecutions

have involved not only obstruction of justice in the banking arena, but also in drug cases[1], bankruptcy[2],

police investigations[3], Occupational Safety and Health Administration[4], Federal Bureau of Investigation[5],

political[6], health care fraud[7], rent kick-back[8], and other cases.  The maximum punishment for a

violation of 18 U.S.C. § 1519 is 20 years of incarceration.  The base offense level for a violation

is 14, which equates to 1.25 to 1.75 years of incarceration out of a potential of 20 years.  The

guidelines recognize that there are varying levels of severity of obstruction and provides

numerous specific offense characteristics to address levels of severity.  As noted in the

background of §2J1.2, "This section addresses offenses involving the obstruction of justice

generally prosecuted under [18 U.S.C. § 1519]…the specific offense characteristics reflect the

---

[1] *U.S. v. Perez*, 603 F.3d 44 (DC Cir. 2010)
[2] *U.S. v. Pavlock*, Slip Copy, 2012 WL 4127274 (4th Cir. 2012)
[3] *U.S. v. Piekarsky*, 687 F.3d 134 (3rd. Cir. 2012)
[4] *U.S. v. Maury*, 695 F.3d (3rd. Cir. 2012)
[5] *U.S. v. Kernell*, 667 F.3d 746 (6th Cir. 2012)
[6] *Id.*
[7] *U.S. v. Poulin*, 461 Fed. Appx. 272 (4th Cir. 2012)
[8] *U.S. v. Perry*, 419 Fed. Appx. 125, (2nd Cir. 2011)

more serious forms of obstruction." The conduct in which Defendant Pogue engaged in is not only obstruction of justice on its face; it was also serious, sophisticated and expansive in scope. It follows then that a Guidelines sentence is appropriate.

### Importance of Deterrence

The government outlined the crucial need for deterrence in this area of law enforcement in its Sentencing Memorandum. At the time of the filing of the government's Sentencing Memorandum, it had not yet received a declaration from a representative of the U.S. Coast Guard regarding sentencing in this case. The declaration is now appended hereto as Exhibit B.

### CONCLUSION

WHEREFORE the United States respectfully recommends to the Court the following:

(1) Defendant Sanford: Defendant Sanford Ltd. should be sentenced to pay a criminal fine of $2.5 million pursuant to 18 U.S.C. Section 3571(c)(3); pay organizational community service in the amount of $500,000 consistent with §8B1.3 and serve a five year term of probation during which vessels owned or operated by Defendant Sanford Ltd. will be barred from entering U.S. ports for commerce except that after the first year of probation, and then, only if they have fully implemented a comprehensive Environmental Compliance Plan that includes funding a Special Master that is acceptable to the Court.

(2) Defendant Pogue: Defendant Pogue should be sentenced consistent with the recommendation of the Sentencing Guidelines to a sentence with an overall offense level of 18 and criminal history category of I. Should the Court decide to depart with regards to Defendant Pogue's sentence, the government respectfully requests the Court do so consistent with other Sentencing Guidelines presented *supra*, each of which would result in a Zone D sentence including a period of incarceration.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney


_____/s/_____
By:     Frederick W. Yette, DC Bar 385391
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Washington, DC 20531
Frederick.Yette@usdoj.gov
(202) 252-7733


_____/s/_____
By:     James E. McLeod,
Special Assistant United States Attorney
U.S. Coast Guard
2100 Second Street SW, STOP 7121
Washington, DC 20593
(202) 372-3868


IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


_____/s/_____
By:     KENNETH E. NELSON
Trial Attorney
Environmental Crimes Section
United States Department of Justice
601 D. Street, NW, Suite 2814
Washington, DC 20004
(202) 305-0435

7